UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------------------------------X

ALI RAHMAN, KASIM RAHMAN and JEFFREY BROWN,

              Plaintiff,

     - against -

THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT,
and POLICE OFFICERS STEVEN AMENDOLA,
DANIEL BACA, SERGEANT ANGEL BONES, and
OFFICER "JOHN DOE"

              Defendants.

-------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

**TRIAL BY JURY
DEMANDED**

13 CV 2259 (J6K)
(JCF)

## PRELIMINARY STATEMENT

      The plaintiff brings this action against all defendants pursuant to 42 U.S.C. Section

1983 and 1988, the Fourth and Fourteenth Amendments to the United States

Constitution, and under the common law of the State of New York against POLICE

OFFICERS STEVEN AMENDOLA, DANIEL BACA, SERGEANT ANGEL BONES, and

JOHN DOE, police officers of THE NEW YORK CITY POLICE DEPARTMENT, in their

individual capacities and against THE CITY OF NEW YORK, and THE NEW YORK CITY

POLICE DEPARTMENT to redress the deprivation under color of law of plaintiff's rights,

privileges and immunities secured by the Constitution of the United States. Plaintiff seeks

money damages to redress and remedy the deprivations of his constitutional rights. In

addition, plaintiff invokes the pendant jurisdiction of this court over related, ancillary and

pendent state law claims. Plaintiff seeks an award of attorneys' fees and costs pursuant

to 42 U.S.C. Section 1988 and pursuant to any other laws that may apply.

      It is alleged that the individual police officer defendants made an unreasonable

search and seizure of the person of ALI RAHMAN, KASIM RAHMAN, and JEFFREY

BROWN, violating their rights under the Fourth and Fourteenth Amendments to the

United States Constitution, and that these defendants assaulted and battered the person

of ALI RAHMAN KASIM RAHMAN, and JEFFREY BROWN falsely arrested them,

imprisoned them, and subjected them to malicious prosecution. It is further alleged that

these violations and torts were committed as a result of the policies, practices and customs of THE CITY OF NEW YORK, and THE NEW YORK CITY POLICE DEPARTMENT

## JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 to redress the plaintiff's rights under the Constitution of the United States. Jurisdiction is based upon 28 U.S.C. Sections 1331 and 1343.

2.      This court has jurisdiction over the plaintiff's state law claims under the doctrine of pendent jurisdiction.

3.      All of the actions, omissions, and events complained of took place within the County of Bronx, City and State of New York, and within the venue of this court.

4.      The amount in controversy exclusive of interests and costs exceeds the sum of $100,000.

## PARTIES

5.      The plaintiffs are citizens of the United States and a resident of the County of Bronx, State of New York.

6.      Defendant THE CITY OF NEW YORK (Hereinafter referred to as "THE CITY") is a body corporate and politic, duly organized and existing under and by virtue of the laws of the State of New York, and pursuant to law is capable of suing and being sued in this court.

7.      At all times hereinafter mentioned the defendant THE NEW YORK CITY POLICE DEPARTMENT(Hereinafter referred to as "NYPD") was and still is a subdivision subject to the control of the THE CITY.

8.      Upon information and belief, defendant NYPD is a division of THE CITY organized and existing under and by virtue of the laws of THE CITY and the State of New York.

9.      Defendant THE CITY is responsible for the policies, practices and customs of NYPD.

10.    Defendant THE CITY is responsible for the hiring training, supervision, retention, control and discipline of NYPD and its officers.

11.    Defendant THE CITY is and was the employer of the personnel named herein as individual defendants.

12.    Defendant THE CITY is also responsible for the operation, practices, and totality of conditions of the NYPD.

13.    Defendant NYPD is responsible for the policies, practices and customs of NYPD.

14.    Defendant NYPD is responsible for the hiring training, supervision, retention, control and discipline of NYPD and their officers.

15.    Defendant NYPD is and was the employer of the personnel named herein as individual defendants.

16.    Defendant NYPD is also responsible for the operation, practices, and totality of conditions of the NYPD.

17.    THE CITY acts, or fails to act through its policy-making officials including but not limited to its supervisor, town board, and the chief of the NYPD; the acts and edicts of these policy making officials represent also the policies, practices and customs of THE CITY.

18.    THE CITY and NYPD have, jointly and severally, a constitutional and statutory responsibility for the conditions at the NYPD and are jointly and severally responsible for ensuring that the operations of said precinct are in conformity with constitutional requisites.

19.    THE CITY and NYPD are and were jointly and severally responsible for ensuring that the police officers of the NYPD and more specifically those officers named as defendants herein, obeyed the regulations of the NYPD, THE CITY, the ordinances and laws of THE CITY, and the laws and the Constitution of the State of New York and the United States.

-3-

20.     Defendants, POLICE OFFICERS STEVEN AMENDOLA, DANIEL BACA, SERGEANT ANGEL BONES and OFFICER "JOHN DOE", police officers of THE NEW YORK CITY POLICE DEPARTMENT, are and were police officers of the NYPD and employees of the NYPD and of THE CITY, and at all times herein were acting in such capacity as the agents, servants and employees of NYPD and THE CITY.

21.     The defendant officers were at all times relevant to this complaint duly appointed and acting officers of the NYPD and of THE CITY, acting under color of law; to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and THE CITY and NYPD.

22.     At all times relevant hereto and in all of their actions described herein, each defendant was acting under color of law, state authority, statute, custom or usage, and pursuant to their official authority. All of the actions were done intentionally.

### FACTS

23.     On 08/26/11, plaintiffs were lawfully present in their home, located at 1789 Davidson Ave., County of Bronx, City and State of NY. While plaintiffs were conversing in their apartment, the defendant police officers knocked down the front door - knocking Ali Rahman to the floor, and streamed into the apartment.

24.     Plaintiffs were lawfully present at the location when Defendants intentionally assaulted and battered the plaintiffs herein as specified above in the course of effectuating a false arrest without probable cause to believe the claimants herein had committed any crime or offense.

25.     Plaintiffs were verbally abused and subjected to verbal intimidation by POLICE OFFICERS STEVEN AMENDOLA, DANIEL BACA, SERGEANT ANGEL BONES and OFFICER "JOHN DOE", police officers of THE NEW YORK CITY POLICE DEPARTMENT.

26. Plaintiffs were falsely arrested, incarceraeroughly cuffed hands behind their backs, and caused to wait outside their building of residence for an extended period of

time, while neighbors and acquaintances passed to an fro causing them embarrassment. They were then transported to the 44th Pct, and from there to Central Booking, and remained in custody for 24 hours. Thereafter they (RAHMAN plaintiffs) were released after the Bronx County DA declined to prosecute. Thereafter the door to the apartment was left broken by the defendants, the apartment subjected to an unconstitutional search, was ransacked, and several items of property were removed from the apartment. Plaintiff BROWN was incarcerated for a period of 4 days, falsely arrested as well, and was subjected to a malicious prosecution, which was terminated in his favor.

27.    Plaintiffs had not resisted or assaulted the defendants in any way, and such force as was used against them was unnecessary, unreasonable, and excessive.

28.    At no time during the events described above were the plaintiffs intoxicated, incapacitated or disorderly, or a threat to the safety of themselves or others. They had committed no criminal offenses.

29.    The defendants had no warrant for the arrest of the plaintiffs, no probable cause for the arrest of the plaintiffs, and no legal excuse or cause to enter the premises, perform an unconstitutional search and seize the person of the plaintiffs.

30.    Defendants did not enter pursuant to a valid search warrant.

31.    Defendants did not present a copy of a search warrant to plaintiffs.

32.    If a warrant was in the officers possession, they did not enter at a manner or at a time authorized by the warrant.

33.    Upon information and belief,. Plaintiffs were not listed as or described suspects or targets on any warrant or application for any warrant.

34.    Defendants charged plaintiffs with Criminal Possession of Marihuana / Marijuana in the 5th Degree, a class "B" misdemeanor pursuant to NY Penal Law Section 221.10(1). A person is guilty of this charge if he or she "knowingly and unlawfully possesses marihuana in a public place, as defined in section 240.00 of this chapter, and such marihuana is burning or open to public view.". Defendants knew plaintiffs had not

-5-

committed this offense.

35.    The officers had no probable cause to arrest the plaintiff ALI RAHMAN  for this crime, or any other.

36.    The officers had no probable cause to arrest the plaintiff KASIM  RAHMAN for this crime, or any other.

37.    The officers had no probable cause to arrest the plaintiff JEFFREY BROWN for this crime, or any other.

38.    At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff ALI RAHMAN

39.    At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff KASIM RAHMAN.

40.    At no time did the defendants possess information that would lead a reasonable police officer to believe that probable cause existed to arrest plaintiff JEFFREY BROWN.

41.    As a result of the foregoing plaintiffs suffered mental anguish, shock, fright, apprehension, embarrassment, humiliation and deprivation of their constitutional rights.

42.    At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described, and lent their physical presence and support and the authority of their office to each other during said events.

43.    All of the above acts were done both individually and in concert and intentionally and while acting under color of law, and in the scope of employment with THE CITY and the NYPD. It was a conspiracy to deprive the plaintiffs of their civil rights guaranteed under the Constitution of the State of New York and the United States and the laws of New York State and the laws of the United States.

44.    THE CITY and the NYPD had a policy of not training their employees with respect to the proper use of force and allowing persons such as plaintiffs herein to be assaulted, battered and improperly searched and seized.

45.    If THE CITY and NYPD had a policy of training their employees with respect to the proper use of force, same was not enforced.

46.    On information and belief, the abuse to which the plaintiff was subjected was consistent with an institutionalized practice of THE CITY and the NYPD which was known to them and/or ratified by THE CITY and the NYPD, with the defendants at no time having taken any effective action to prevent their employees from continuing to engage in such misconduct and violation of constitutional rights and violations of law.

47.    On information and belief, defendant THE CITY and the NYPD had prior notice of the vicious propensities of the individual defendants but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority or to terminate their employment. The failure to properly train defendants included the failure to instruct them in applicable sections of the New York State Penal Law, and proper use of force, and failed to properly train them with respect to the constitutional rights of citizens.

48.    On information and belief THE CITY and the NYPD authorized, tolerated as institutional practices, and ratified the misconduct heretofore described.

49.    As a direct and proximate result of the said acts of the defendants, and the abuse of authority detailed above, the plaintiffs suffered the following injuries and damages:

> a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure to their person:
> b. Loss of their physical liberty:
> c. Physical pain and suffering and emotional trauma and suffering, requiring expenditure of money for treatment.

50.    The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

a. Freedom from unreasonable search and seizure of his person.
b. Freedom from the use of excessive, unreasonable and unjustified use of force against his person.

## COUNT I
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUAL DEFENDANTS

51.    Paragraphs 1 through 50 are incorporated herein by reference as though fully set forth.

52.    Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. Section 1983 for false arrest and imprisonment against defendants POLICE OFFICERS STEVEN AMENDOLA, DANIEL BACA, JOHN DOE, JAMES DOE, police officers of THE NEW YORK CITY POLICE DEPARTMENT for violation of their constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT II
## 42 U.S.C. SECTION 1983 AGAINST THE CITY AND THE NYPD

53.    Paragraphs 1-52 are incorporated herein by reference as though fully set forth.

54.    Prior to August 26, 2011, THE CITY and the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in THE CITY, which caused the violation of plaintiff's rights.

55.    It was the policy and/or custom of THE CITY and the NYPD to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by THE CITY and the NYPD.

56.    It was the custom and policy of THE CITY and the NYPD to inadequately supervise and train and retain and hire their police officers including the defendant

-8-

officers, thereby failing adequately to discourage further constitutional violations on the part of their police officers. THE CITY and the NYPD did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

57.    As a result of the above described policies and customs, police officers of THE CITY and the NYPD, including the defendant officers believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be sanctioned or investigated, but would be tolerated.

58.    The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of THE CITY and the NYPD to the constitutional rights of persons within THE CITY and were the cause of the violations of plaintiff's rights alleged herein.

59.    Plaintiff  claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against THE CITY and the NYPD for violation of his constitutional rights under color of law, in an amount to be determined by a jury after due trial.

## COUNT III.
## COUNT IV FALSE ARREST AND IMPRISONMENT

60.    The allegations of Paragraphs 1-59 are incorporated by reference herein as though fully set forth.

61.    The individual defendants were working within the scope of their authority when they committed the actions described above generally and specifically those actions delineated in paragraphs 23-50 above, and thereby confined the plaintiff without privilege.

62.    The confinement aforesaid was without probable cause or privilege.

63.    The individual defendants were careless and reckless and negligent in that they did not stop or restrain their fellow officers from confining the plaintiff.

64.    As a result of the aforesaid unconstitutional confinement, in violation of the

-9-

4th and 14th amendments to the US constitution and 42 USC section 1983, the plaintiffs sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered emotional distress, in an amount to be determined by a jury after due trial.

## COUNT IV. UNREASONABLE SEARCH AND ENTRY
### UNDER 42 USC SECTION 1983

65. The allegations of paragraphs 1-64 are incorporated by reference herein as though fully set forth.

66. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were entered and searched illegally and improperly, without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

67. As a result of the aforesaid conduct by defendants, plaintiffs' home and possessions were searched and damaged in an unreasonable manner, illegally and improperly, without consent, a valid warrant, probable cause, privilege or consent, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

68. As a result of the aforesaid conduct by defendants, plaintiffs' home was entered illegally at a time not prescribed by any warrant, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

69. As a result of the aforesaid conduct by defendants, plaintiffs' home was entered illegally and they were not provided with a copy of any warrant, in violation of their constitutional rights as set forth in the Fourth and Fourteenth Amendments to the Constitution of the United States.

70. As a result of the aforesaid the plaintiff sustained serious and permanent

personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount to be determined by a jury after due trial.

<strong>COUNT V. MALICIOUS PROSECUTION OF JEFFREY BROWN</strong>

71.     The allegations of paragraphs 1-70 are incorporated by reference herein as though fully set forth.

72.     Defendants filed several false and legally insufficient charging instruments against the JEFFREY BROWN  herein in violation of the 4th and 14th amendments to the US Constitution and 42 USC section 1983. .

73.     At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

74.     Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiffs, each and every one of plaintiffs herein.

75.     At the time of said filing, the defendants knew that said complaints were false and legally insufficient. Said complaints were dismissed as such.

76.     Defendants acted wilfully, maliciously, recklessly, wantonly, and with intent to injure the plaintiffs, each and every one of them .

77.     As a result of the aforesaid malicious prosecution, in violation of the 4th and 14th amendments to the US Constitution and 42 USC section 1983 the plaintiff JEFFREY BROWN sustained serious and permanent personal injuries, along with humiliation, shame, indignity, damage to reputation and suffered extreme emotional distress, in an amount exceeding the jurisdictional limits  of all lower courts.

Wherefore, the plaintiff requests that this Court:

> a. Award compensatory damages to the plaintiff against the defendants, jointly and severally in an amount to be determined by a jury after due trial. Not less than one million dollars ($1,000,000)
> b. Award the costs of this action to the plaintiff.
> c. Award reasonable attorneys fees to the

plaintiff under 42 U.S.C. Section 1988 and/or
any other applicable laws.
d. Award punitive damages in an amount to
be determined by a jury after due trial. Not
less than one million dollars ($1,000,000)
e. Award such other and further relief as this
Court may deem appropriate.

Dated: Carmel, New York
     June 3, 2013

JOHN P. GRILL
Grill9446
For LAW OFFICES OF JOHN P. GRILL, PC
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

-12-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    13CV2259

ALI RAHMAN, KASIM RAHMAN and
JEFFREY BROWN,

        Plaintiff,

   - against -

THE CITY OF NEW YORK, THE
NEW YORK CITY POLICE DEPARTMENT
and POLICE OFFICERS STEVEN AMENDOLA,
DANIEL BACA, SERGEANT ANGEL BONES
and OFFICER "JOHN DOE

       Defendants.

## SECOND AMENDED SUMMONS AND COMPLAINT

LAW OFFICES OF JOHN P. GRILL, PC
Attorneys for Plaintiff(s)
229 Nimham Road
Carmel, NY 10512
(917) 601-5507

*To:*

*Attorney(s) for*

*Service of a copy of the within is hereby admitted.*

*Dated:*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
*Attorney(s) for*